STATE OF MAINE                                    SUPERIOR COURT
PISCATAQUIS, SS.                                  DKT. NO. PIS. SC-RE-2019-01

CINDY DAWSON,                          )
                                       )
    Plaintiff,                       )
                                       )
v.                                     )  ORDER
                                       )
JEAN C. LAUDERDALE,                    )
                                       )
    Defendant.                       )

Hearing was held on the defendant's motion to dismiss on June 24, 2019. The plaintiff was present and represented by counsel, Richard McCarthy, Esq., while the defendant was present and represented by counsel, Beth Seaney, Esq.

Plaintiff/purchaser has filed a complaint for specific performance asking the Court to compel the defendant/seller to perform the terms of a purchase and sale agreement. Plaintiff alleges that she and George Krueger resided in a dwelling located on real estate in Greenville, Maine, owned by Krueger. Upon his death, Dawson, acting as his personal representative, deeded the real estate to his heir, Lauderdale. Contemporaneously, Lauderdale and Dawson entered into a contract for the sale of the real estate to Dawson, to close on October 19, 2019, which was extended by agreement to October 26, 2019. Dawson alleges that Lauderdale has refused to execute the necessary deed and sell her the property pursuant to their agreement.

Defendant's motion to dismiss is premised on the assertion that this real estate transaction was part of an agreement to settle the estate that included the requirement that Dawson was to turn over certain items of Krueger's personal property to Lauderdale. Lauderdale has asserted that Dawson failed to turn over the property and insists that the probate court has exclusive jurisdiction over this transaction.

PISCATAQUIS JUD CTR
NOV 12 '19 PM 1:25

"A motion to dismiss tests the legal sufficiency of a complaint, the material allegations of which must be taken as admitted . . . ." *Packgen v. Bernstein*, 2019 ME 90, ¶ 16. "A dismissal is only proper when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that [he] might prove in support of [his] claim. *Id.* Applying this standard to plaintiff's complaint, the Court must deny the motion to dismiss.[1] According to 14 M.R.S. § 6051(3), the Superior Court has jurisdiction to compel the specific performance of written contracts. Plaintiff's complaint alleges that the parties assented to be bound by its material terms, and the contract is sufficiently definite to enable a court to ascertain its meaning and define the legal liabilities of the parties. *See Forrest Assocs. v. Passamaquoddy Tribe*, 2000 ME 195, ¶ 9. Specific performance may be appropriate to enforce a contract for the sale of land because of the uniqueness of real estate. *See O'Halloran v. Oechslie*, 402 A.2d 67, 70 (Me. 1979). Since the Superior Court has jurisdiction to order specific performance pursuant to this sufficient complaint, the motion to dismiss is denied.

The Entry Is: Motion to Dismiss DENIED

Dated: November 6, 2019

_____
WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

---

[1] Because this is a motion to dismiss, the Court cannot consider the factual assertions in the motion because a motion to dismiss tests the sufficiency of the complaint only. To urge dismissal because the probate court has exclusive jurisdiction over this case such that the superior court's jurisdiction is trumped, or to express any other jurisdictional infirmities, plaintiff would have to present evidence or, at least, provide affidavits.